## Ackerman, Appellant, *v.* Union Traction Company.

*Negligence—Street railways—Railroads—Sudden danger—Motorman.*

In an action against a street railway company to recover damages for the death of a boy thirteen years old, it appeared that at the time of the accident the boy was riding on the side steps of a freight car which was running north on a street on which the defendant company's car ran south. The tracks of the two roads were parallel, and so close that there was a space of only a few inches between the sides of the cars as they passed. The railroad tracks turned into the street a short distance from the place of the accident. The freight car could be seen by the motorman of the car which struck the boy, when it was 300 feet distant, but the boy could not be seen until the car reached a position where the tracks were parallel. This was about 150 feet from the spot where the accident occurred. The cars approached each other at the rate of at least fifteen or twenty miles an hour. As soon as the motorman saw the boy he called to him, and made gestures to indicate that he should jump off the step or climb on the bumper at the end of the car, which was one foot from the step. This warning was disregarded, and the boy was killed. *Held* that the motorman was not guilty of negligence, and that a nonsuit was properly entered.

Where a motorman is confronted by a sudden and unexpected danger, and has but a moment in which to act, he cannot be held liable for failure to see and follow what might appear on reflection to have been a wiser course.

Argued Jan. 19, 1903. Appeal, No. 180, Jan. T., 1902, by plaintiff, from order of C. P. No. 1, Phila. Co., Sept. T., 1901, No. 561, refusing to take off nonsuit in case of Charles W. Ackerman v. Union Traction Company. Before MITCHELL, DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Trespass to recover damages for death of plaintiff's son. Before BIDDLE, P. J.

The circumstances of the accident are stated in the opinion of the Supreme Court.

*Error assigned* was refusal to take off nonsuit.

*Bernard Harris*, for appellant.—It is submitted that the failure of the motorman to stop the car when he observed the boy on the freight car in the position and under the circumstances above described, raises such a presumption of negligence as would have to be overcome by evidence; and whether the motorman had sufficient time to stop the car or not, is a question for the jury and not for the court: Dormer v. Alcatraz Paving Co., 16 Pa. Superior Ct. 407.

*Thomas Leaming*, with him *Russell Duane*, for appellee.— The motorman cannot be charged with carelessness for doing what his judgment approved or for not doing anything of which he had no time to judge: Brown v. French, 104 Pa. 604; Sekerak v. Jutte, 153 Pa. 117; Floyd v. Phila. & Reading R. R. Co., 162 Pa. 29; Donahue v. Kelly, 181 Pa. 93; Phillips v. People's Pass. Ry. Co., 190 Pa. 222.

OPINION BY MR. JUSTICE FELL, May 4, 1903:

This action is by a father to recover damages for the loss of his son thirteen years of age, who was killed under the following circumstances: The boy was riding on the side steps of a freight car of the Philadelphia & Reading Railroad Company, which was running north on Second street. The defendant's electric car was running south, and the tracks of the two roads were parallel and so close that there was a space of only a few inches between the sides of the cars as they passed. The freight train approached Second street on a curve, and turned on to the street a short distance from the place of the accident. The freight car could be seen by the motorman when it was 300 feet distant, but the boy could not be seen until the freight car reached a position where the tracks were parallel. This was about 150 feet from the spot where the accident occurred. The boy was on the sixth car of the freight train, and according to the testimony the train and the electric car were running as fast as cars usually run between crossings; or, as stated by some of

the witnesses, much faster than a horse could trot. As soon as the motorman saw the boy, he called to him and made gestures to indicate that he should jump off the step or climb on the bumper at the end of the car, which was one foot from the step. This warning was disregarded. The boy attempted to avoid injury by straightening his body and keeping close to the side of the car. He was struck on the shoulder, thrown to the narrow space between the tracks, and injured by the wheels of both cars.

We find nothing in this situation from which negligence on the part of the motorman can fairly be inferred. He first saw the boy when the distance between them was 150 feet and they were approaching each other at the rate of at least fifteen or twenty miles an hour. With a clear understanding that the boy would be injured unless he got out of the way of the electric car, the motorman called and motioned to him to jump off or climb on the bumper. Possibly under the circumstances it would have been better to stop the car and thus lessen the injury, than attempt to avert it altogether ; but since he was confronted by a sudden and unexpected danger and had but a moment in which to act, the motorman cannot be held liable for failure to see and follow what might appear on reflection to have been the wiser course : Hestonville, etc., Railroad Co. v. Kelley, 102 Pa. 115 ; Phillips v. People's Pass. Railway Co., 190 Pa. 222.

The judgment is affirmed.