# Wingert *v.* Philadelphia & Reading Railway Company, Appellant.

*Negligence—Railroads—Grade crossing — Collision—Automobile—Driving across tracks—Road on far side impassable—Backing across tracks—Warning—Failure to sound whistle—Sounding of bell—Sudden emergency—Contributory negligence—Case for jury.*

1. In an action against a railroad company to recover for personal injuries sustained in a collision between plaintiff's automobile and a train at a railroad grade crossing the questions of defendant's negligence and the contributory negligence of the plaintiff were for the jury and a verdict and judgment for plaintiff will be sustained where it appeared that plaintiff drove his automobile along a narrow road and across defendant's double track line over a permissive public crossing; that plaintiff crossed the tracks in safety, but owing to the impassable condition of the road was unable to ascend the grade on the opposite side, and, the road being too narrow to permit the car to be turned, was obliged to back the automobile over the tracks; that six feet from the nearest track he stopped his car and looked and listened; that from such point he had an unobstructed view of 641 feet, to a curve, in the direction from which the train approached; that plaintiff neither heard nor saw a train and continued to back and when in the middle of the second track he first saw the train approaching around the curve; that plaintiff then reversed the direction of his car and had almost cleared the tracks when the train crashed into the rear end of his automobile; that no whistle was blown although defendant's evidence was that a bell was rung 100 yards from the crossing, but both plaintiff and his son, who were in the front of the car with him, testified that they did not hear it.

2. In such case the questions whether the ringing of the bell was in time or was ample warning, or whether a whistle should have been blown, were for the jury.

3. In such case, while the accident might have been avoided if plaintiff had continued to back his car after he saw the train approaching, instead of stopping and then proceeding in the opposite direction, since he was confronted by a sudden emergency, he could not be held responsible for failure to exercise the best judgment.

Argued June 5, 1918.   Appeals, Nos. 69 and 70, Jan. T., 1918, by defendant, from judgment of C. P. Cumber-

land Co., Feb. T., 1917, Nos. 153 and 154, in cases of
Daniel H. Wingert v. Philadelphia and Reading Rail-
way Company.    Before BROWN, C. J., MOSCHZISKER,
FRAZER, WALLING and SIMPSON, JJ.    Affirmed.

Trespass for personal injuries to plaintiff and damage
to plaintiff's automobile.    Before SADLER, P. J.
    The facts appear by the opinion of the Supreme Court.
    Verdict for plaintiff for $4,200 and judgment thereon.
Defendant appealed.

*Error assigned,* among others, was in refusing defend-
ant's motion for judgment non obstante veredicto.

*J. W. Wetzel,* for appellant.

*Edmund C. Wingerd* and *Joseph P. McKeehan,* with
them *D. Edward Long,* for appellee.

OPINION BY MR. JUSTICE FRAZER, July 17, 1918:
    This action is to recover damages for injuries sus-
tained by plaintiff as the result of a collision between
his automobile and defendant's train at a grade crossing.
In the court below one of the questions in dispute was
whether or not the crossing was private, or a permis-
sive public one.    This question, however, the jury found
in favor of plaintiff and we find no complaint here as to
the propriety of the action of the court in submitting it
to them.    The negligence of defendant and contributory
negligence of plaintiff were also submitted to the jury.
A verdict was rendered in favor of plaintiff and the sub-
sequent motion for judgment for defendant non obstante
veredicto was refused.    The questions for consideration
are the sufficiency of evidence of negligence on the part
of defendant to submit to the jury, and whether plaintiff
was guilty of contributory negligence, as a matter of
law.
    At the time of the accident plaintiff was driving an

automobile in which were his wife, son and three other passengers. The road on which he approached the crossing is a narrow one and, after crossing the tracks, ascends a grade at the opposite side to reach the level of the adjoining land. There are two tracks of the railroad, both of which plaintiff crossed in safety. He was, however, owing to the almost impassable condition of the road, unable to ascend the grade on the opposite side, and, the road being of insufficient width to permit the car to be turned, was obliged to return to the main road and to do so was required to back the automobile across the tracks. Plaintiff testified that before reversing the car he stopped, opened the side curtains and looked and listened at a point six feet from the nearest or eastbound track, from which place he had an unobstructed view of the railroad for a distance of approximately 641 feet in the direction from which the train approached. At that distance from the crossing was a curve in the railroad which, in connection with the embankment along the side, obstructed a further view of the track. Plaintiff stated he neither saw nor heard a train and proceeded to back the car across the nearest track, and, when about the middle of the second or westbound track, he first saw the train approaching around the curve. Being of opinion danger could be more readily avoided by going forward instead of backward, he reversed the direction of his car and had almost cleared the track when the train crashed into the rear end of the automobile.

It is conceded no whistle was blown; defendant's evidence, however, is that the bell was rung when the train was in the neighborhood of 100 yards from the crossing. This is denied by plaintiff and by his son, who was sitting with him on the front seat of the automobile, both testifying that, had the bell been rung they would have heard it. Defendant contends this testimony was merely negative and entitled to no weight against the positive evidence of defendant's witnesses to the contrary. Dis-

cussion of this point, however, is unnecessary, since, conceding the bell was rung, the question whether or not, under the circumstances, this was sufficient warning, was for the jury. Defendant's duty was to give reasonable warning of the approach of its train and we cannot say, as matter of law, that the ringing of a bell at the distance of 100 yards from the crossing was adequate warning under the particular circumstances. According to the testimony of plaintiff he saw the train as it rounded the curve, a greater distance from the point at which defendant's witnesses testified the bell was first rung, and yet was unable to avoid the collision. It might, therefore, be it was not rung in time to serve as ample warning to persons using the crossing; at all events it was for the jury to say whether the warning was ample and if a whistle should have been blown at a distance from the crossing sufficient to give earlier warning of the approaching train: Longnecker v. Penna. R. R., 105 Pa. 328, 333; Penna. R. R. Co. v. Coon, 111 Pa. 430, 439.

Neither can it be said, as matter of law, that plaintiff was guilty of contributory negligence. He stopped at a point six feet from the nearest track and, neither seeing nor hearing the approaching train, began backing his automobile across the tracks. Although it was his duty to continue to look as he approached there is no rule of law requiring him to again stop before entering the crossing (Witmer v. Railroad, 241 Pa. 112); besides, he was obliged to watch the rear end of his car to avoid running from the roadway and whether, under the circumstances, he did everything required of a reasonably prudent man was for the jury. In view of the distance from the curve to the crossing and the slow speed at which plaintiff was necessarily required to drive backward, and of the necessity of having his attention divided between a possible approaching train and the guiding of his car, it may be that the train, though not in view at the time he stopped, looked and listened, rounded the curve immediately after plaintiff began to move backward across the

track and was not noticed by him until shortly after it appeared in view, at which time it was too late to avoid the collision: Schwartz v. R. R., 211 Pa. 625, 629; Cromly v. R. R., 208 Pa. 445, 448; Id. 211 Pa. 429, 432. While it may be had plaintiff continued backing his car after he saw the train approaching, instead of stopping to reverse and proceed in the opposite direction, the accident might have been avoided, yet he was confronted with a sudden emergency and cannot be held responsible for failure to exercise the best judgment: Phillips v. R. R., 190 Pa. 222; Marfilues v. R. R. 227 Pa. 281.

The judgment is affirmed.