# McFeeters *v.* Lee, Appellant.

*Negligence—Automobiles — Collision with wagon — Evidence—
Case for jury.*

1. Where an autotruck, driven at a rate of fifteen to twenty miles an hour, approaches a switch of an electric railway, alongside of which is a small depression caused by the sinking of a Belgian block, and the chauffeur applies the brakes, and in swinging to one

side runs twenty feet and crashes into the rear of a standing wagon, twenty feet from the switch, with such force as to drive the wagon against a telegraph pole, and injures the driver thereof, the question of the chauffeur's negligence is for the jury.

*Appeals—Statement of questions involved—Printed argument—Assignments of error.*

2. A question raised in an assignment of error, will not be considered, where it is not referred to either in the printed argument, or in the statement of questions involved.

Argued March 28, 1922. Appeal, No. 377, Jan. T., 1922, by defendant, from judgment of C. P. No. 2, Phila. Co., Sept. T., 1920, No. 8270, on verdict for plaintiff, in case of Horace McFeeters v. William J. Lee. Before Moschzisker, C. J., Frazer, Walling, Simpson and Sadler, JJ. Affirmed.

Trespass for personal injuries. Before Stern, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $2,500. Defendant appealed.

*Error assigned,* inter alia, was refusal of defendant's motion for judgment n. o. v., quoting record.

*W. W. Smithers,* for appellant, cited: Kilbride v. Magnesia Co., 201 Pa. 552; Dalton v. Boro., 215 Pa. 402; Flanigan v. McLean, 267 Pa. 553; P. & R. Ry. v. Hummell, 44 Pa. 375; Wall v. Lit, 195 Pa. 375; Sowers v. McManus, 214 Pa. 244; Shaffer v. Haish, 110 Pa. 575; Behling v. Pipe Lines, 160 Pa. 359; Kelly v. R. R., 270 Pa. 149; Martin v. Niles-Pond Co., 214 Pa. 616; Green v. Rys., 246 Pa. 340; McKee v. Traction Co., 211 Pa. 47; Erbe v. P. R. T. Co., 256 Pa. 567; Schley v. R. R., 27 Pa. 494; Walters v. Bridge Co., 234 Pa. 7; Lerch v. Transit Co., 246 Pa. 473.

*Michael D. Hayes,* with him *Francis M. McAdams* and *William H. Wilson,* for appellee, cited: Hurt v. Can-

MCFEETERS *v.* LEE, Appellant.       85

neries, 263 Pa. 238; Van Winckler v. Morris, 46 Pa. Superior Ct. 142; Schoepp v. Gerety, 263 Pa. 538; Banks v. Shoemaker, 260 Pa. 280; Silberstein v. Showell, Fryer Co., 267 Pa. 298; Wagner v. Mfg. Co., 244 Pa. 310; Fortney v. Breon, 245 Pa. 47; Bean v. Phila., 260 Pa. 278; Aiken v. R. R., 130 Pa. 380; Knepp v. R. R., 262 Pa. 421; Montgomery v. Phila., 270 Pa. 346.

OPINION BY MR. JUSTICE FRAZER, April 17, 1922:

Plaintiff sued to recover for personal injuries sustained in a collision by defendant's truck striking the rear end of plaintiff's wagon. We find nothing in the evidence indicating negligence on the part of plaintiff, consequently, the only question for consideration is whether there was negligence on the part of the driver of the truck. The jury found for plaintiff and defendant appealed.

Plaintiff had been driving a two-horse delivery wagon northwest on Germantown Avenue, Philadelphia, and turned to the left side of the street to deliver merchandise, stopping his wagon close to the sidewalk. Defendant's truck was also traveling northward on the same avenue at a speed of from fifteen to twenty miles an hour, according to the testimony of a police officer called as a witness on behalf of plaintiff. Near the point where plaintiff's wagon stopped was a switch in the car tracks for the purpose of turning trolley cars from Germantown Avenue into Tenth Street and the truck "hit the switch and smashed right into the wagon," which, according to the testimony, stood at least twenty feet from the switch. The force of the collision pushed the wagon against a telegraph pole, the impact throwing plaintiff to the sidewalk injuring him and damaging the wagon. There were no other vehicles on the street at the time and no obstructions to interfere with the truck driver's view of either the switch or plaintiff's wagon.

In explanation of the collision the driver in charge of the truck testified: "Just as I hit the switch I lost con-

trol of my truck and went into the wagon......when the left front wheel hit the switch it threw my wheel right around and I lost control of it." He later stated there was a small depression in the street at the switch, caused by the sinking of a Belgian block with which the street was paved and that a wheel of his truck passed through the hole, although he was not aware of the depression until after the collision. He stated that immediately upon coming in contact with the switch the brakes were applied, but, notwithstanding such action and the fact that he claimed to be traveling not more than ten miles an hour, his truck passed over the distance of twenty feet between the switch and the wagon, striking the latter with sufficient force to drive it against a telegraph pole and seriously damage it.

Under the above facts, as to which there is substantially no dispute, the question whether the driver used due care in the operation of the truck was for the jury. If the contact with the switch caused him to lose control of the car the effect was not the usual and ordinary result of properly driving a car over a switch in street railway tracks and the jury might reasonably infer carelessness on his part in handling the truck. If the loss of control was due to the small hole, the result of a depressed paving block in the street, the question arises whether he should have seen it, or, if too small to be observed, whether the accident would not have been avoided had he exercised proper care in operating the steering wheel. Ordinarily a depression in the roadway produced by the sinking of a Belgian block will not, in the general course of traffic, cause chauffeurs to lose control of their cars if the car is being carefully operated, as it should be at all times. The inferences to be drawn from all the circumstances adduced by the evidence were for the jury. With reference to the speed at which the truck was traveling the jury might properly conclude, from the distance it ran after coming in contact with the switch and the force and effect of the collision, that it

was moving faster than defendant's driver indicated by his testimony: Schoepp v. Gerety, 263 Pa. 538; Wolf v. Sweeney, 270 Pa. 100.

Counsel for defendant asked for and was allowed a general exception to the charge on the ground that the trial judge presented to the jury theories not supported by evidence, that the evidence on behalf of plaintiff was more fully presented than that of defendant and that the charge was argumentative. A careful reading of the court's instructions in the light of the evidence fails to disclose merit in these contentions, or to convince us of reversible error in the parts of the charge quoted in the first, second and third assignments. The question raised in the fourth assignment is not discussed in the printed argument and is not included in or suggested by the statement of questions involved, so need not be considered: Garvey v. Thompson, 268 Pa. 353; McIlvaine v. Powers, 270 Pa. 341.

The judgment is affirmed.