# Louisville & Nashville Railroad Company v. Wright.

(Decided June 22, 1923.)

## Appeal from Franklin Circuit Court.

1. **Appeal and Error—Trial Court Should Not Submit Case to Jury on Substantially Similar Evidence Held Insufficient on Appeal.**— An opinion on appeal after a former trial stating that the evidence at that trial was insufficient to warrant the jury in finding negligence of defendent's engineer is the law of the case, and where the evidence was substantially the same at a subsequent trial it was error for the court to submit that issue to the jury.

2. **Appeal and Error—Submission of Grounds of Negligence Not Sustained by Evidence is Prejudicial to Defendant.**—Error in submitting to the jury the negligence of defendant's engineer, which there was not sufficient evidence to sustain as a ground for recovery, was prejudicial to defendant and requires reversal of a verdict for plaintiff, though there was sufficient evidence to warrant the submission of the issue of defendant's use of defective appliances.

WOODWARD & WARFIELD, ASHBY M. WARREN and GUY H. BRIGGS for appellant.

LESLIE MORRIS, HAZELRIGG & HAZELRIGG and J. B. HOBSON & SON for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON— Reversing.

In this action for damages for injuries to the person of Wright, there have been three trials and three verdicts for the plaintiff, now appellee, and three appeals to this court. The first opinion may be found in 186 Ky. 498, the second in 193 Ky. 59, to which we refer for full statement of the facts. The first verdict was for $11,-000.00; the second verdict was for $20,000.00, the full amount prayed in the petition, and the third and present verdict is for $12,500.00.

The first judgment was reversed because upon that trial evidence was introduced and heard and the jury instructed upon the law governing defective appliances in railroad trains and the rights of employes thereunder when injured thereby, whereas there was no pleading to sustain it. After the case went back to the lower court the petition was amended and the plaintiff relied upon defective appliances as well as the negligence of the engineer in charge of the train. On the second trial no

evidence was introduced upon the subject of defective appliances, it being confined to the negligence of the engineer in charge of the train in failing to exercise ordinary care to release appellee when he discovered him caught between the tender and the engine. In the opinion upon that appeal, found in 193 Ky. 59, we said: "But disregarding the evidence for the defendant and accepting that of plaintiff as true, even now, looking back upon the situation with time to reflect, it is impossible to say which method would have been more efficacious to release appellee and therefore there was no evidence of negligence" in the failure of the engineer in an emergency to select the best and quickest method of releasing appellee. That opinion is the law of the case. On the third trial appellee fortified his evidence quite a bit upon the subject of defective appliances, but the evidence as to the effort made by the engineer to release appellee after he found him caught between the engine and tender and the conduct of the engineer upon that occasion was substantially the same as upon the second trial, where we held it on that point insufficient to carry the case to the jury. Notwithstanding this and upon substantially the same evidence the trial judge again submitted the case to the jury upon the negligence of the engineer in failing to select, in the emergency, the best method to release appellee, and also upon the negligence of the company in operating its train equipped with defective appliances. There was sufficient evidence not only to carry the case to the jury but to support the verdict on the subject of defective appliances, but inasmuch as there was no substantial difference between the evidence on the third trial and that heard upon the second trial, which we held to be insufficient to carry the case to the jury upon the issue of negligence of the engineer in failing to select the best and quickest method to release appellee, it was error to submit that question to the jury, and the judgment must be reversed for that reason. If upon another trial the evidence is in substance the same as upon the last one, the court will submit to the jury only the question of whether the company negligently allowed appliances of the train upon which appellee was working to become and remain defective while in operation, to his injury. Except for the error of the court in giving instruction No. 3, directing the jury "if it believed from the evidence that the plaintiff on the occasion in question was caught between the cab and the tender and thereby placed in im-

minent danger, and that thereupon the engineer in charge of the train became aware of and knew of his peril, and further believed that after the engineer discovered the peril of plaintiff, if he did so discover it, he negligently failed to use ordinary care, as hereinafter defined, to extricate the plaintiff from his dangerous position,'' then you will find for the plaintiff, the judgment would now be affirmed. But under the state of the record that instruction is prejudicially erroneous and the judgment must therefore be reversed for a new trial. There is no merit in the other contentions made by appellants.

Judgment reversed.