# McMahon v. Reading Transit & Light Co., Appellant.

*Negligence—Street railways—Collision between team and trolley car—Crossing—Stop, look and listen—Speed—Case for jury.*

1. Where a street railway track runs within two feet of the curb at a street crossing, it is the duty of a motorman operating a car thereon, to keep his car under such control that it can be quickly stopped, in case of unexpected appearance of traffic at the crossing.

2. In a case involving a collision between a heavy wagon and a street car at a crossing, the question of the speed of the car is for the jury, where the testimony of witnesses that the car was run at an excessive speed is corroborated by proof that the car continued after the collision for a distance of 123 feet before stopping.

*Negligence—Street railways—Collision at crossing—Contributory negligence—Evidence—Plaintiff's conflicting evidence.*

3. In an action for damages against a street railway for injuries sustained at a grade crossing between a team and a trolley car, where, on one aspect of the testimony of plaintiff and his wit-

nesses, plaintiff is entitled to go to the jury, and on another he is not, it is for the jury to reconcile the conflicting statements and determine which shall prevail.

4. In this case the question of plaintiff's contributory negligence under all the circumstances developed and the conflicting evidence, was for the jury.

Argued February 12, 1924. Appeal, No. 56, Jan. T., 1924, by defendant, from judgment of C. P. No. 5, Phila. Co., Sept. T., 1920, No. 4904, on verdict for plaintiff, in case of Daniel McMahon v. Reading Transit & Light Co. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Trespass for personal injuries. Before MONAGHAN, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $5,000. Defendant appealed.

*Errors assigned* were (1) refusal of request for binding instructions for defendant, and (2) refusal of judgment for defendant n. o. v., quoting record.

*Harold B. Beitler,* for appellant, cited: Yingst v. Traction Co., 167 Pa. 438; Orr v. Traction Co., 246 Pa. 441; Moses v. Ry., 258 Pa. 537; Lessig v. Reading T. & L. Co., 20 Pa. 299.

*Frederick A. Sobernheimer,* for appellee, cited: Harter v. R. R., 79 Pa. Superior Ct. 27; Burkett v. R. R., 74 Pa. Superior Ct. 408; Cramer v. Aluminum Co., 239 Pa. 120; Lyons v. Ry., 75 Pa. Superior Ct. 300; Frey v. Traction Co., 268 Pa. 264.

OPINION BY MR. JUSTICE FRAZER, April 14, 1924:

Plaintiff sued for injuries sustained in a collision, at the corner of Green Lane and Silverwood Street, Philadelphia, between a team he was driving and one of defendant's trolley cars. The jury found for plaintiff and

from judgment entered on the verdict defendant appealed.

Plaintiff's team consisted of two horses attached to a covered wagon with curtains at each side of the driver's seat, having an opening through which approaching traffic on either side of him might be observed. He was driving westward on Green Lane and down grade toward Silverwood Street, on which there was a single trolley track over which defendant's cars were operated in both directions. As he approached Silverwood Street, a vacant lot on the right, adjoining a church, afforded a view of cars approaching from the north for a distance of approximately 150 feet. This view increased to 200 or 250 feet as he neared the crossing. On the left side were buildings on Silverwood Street close to the sidewalk, rendering impossible a view of cars approaching from that direction until plaintiff's horses were practically on the track. Plaintiff's testimony, as to precautions taken as he approached the crossing, was conflicting; his final statement, however, was in substance, that when about fifty-five feet from Silverwood Street he looked to the north and continued to look as he approached the street and at about twenty-seven feet from the corner his view to the north being greater he looked again from that point and continued to do so until his horses were two feet from the track and, not seeing a car approaching from that direction, looked to the south, having by this time gotten into a position where his view extended beyond the buildings and southward on Silverwood Street. Seeing no approaching car he continued across the street and was struck by a southbound trolley car before being able to clear the track.

Witnesses to the accident testified the car was coming at a higher rate of speed than usual, one stating that "it seemed to be coming about twice as fast as the ordinary rate of speed of cars going down there." After the collision the car ran as far as the next street corner before being brought to a stop. Under these facts the question

of defendant's negligence was clearly for the jury. Although the witnesses did not pretend to fix the actual rate of speed, their testimony that the car was traveling at excessive speed is corroborated by the fact that, notwithstanding the collision with the heavy wagon, the car continued for a distance of 123 feet before stopping. The situation, as described by the witness, was a dangerous one; the track on which the car ran was within two feet of the curb, which fact imposed upon the motorman his full duty to keep his car under such control that it could be quickly stopped in case of unexpected appearance of traffic at the crossing. The distance the car ran following the collision was proper evidence to be considered by the jury in determining whether or not the speed at which it was running was excessive: McFeeters v. Lee, 274 Pa. 83, 86.

Whether plaintiff exercised proper care for his safety, under the circumstances, was also for the jury. While his testimony was not consistent, yet, if on one aspect of the testimony of either himself or his witness he is entitled to go to the jury, and on another he is not, it is for the jury to reconcile the conflicting statements and determine which shall prevail: Whitman v. Stipp, 270 Pa. 401, 407, and cases cited; Frill v. Frill, 275 Pa. 325. Taking into consideration the descent of the street on which plaintiff was traveling, as well as the descending grade on which the car approached, the obstruction to plaintiff's view and the limited distance the track was observable, also the fact that he was bound to expect the approach of a car from either direction, we cannot say, as matter of law, that he should have taken his last observation to the north rather than to the south, or that he failed to take proper precautions for his own safety. The most natural thing for him, under the circumstances, would be to do just what he claims he did, for the reason that he could see to the north, as he approached the crossing, but not to the south until close to the track. At the most a very short time would elapse between the trolley coming

in view and its reaching the crossing and, considering the slow speed of plaintiff's team, the car could pass over the intervening distance as the team moved a few feet.

Whether plaintiff took all precautions that the circumstances required of him was for the jury.

The judgment is affirmed.