# Wolf v. Spencer, Appellant.

*Negligence—Automobiles—Collision — Evidence — Conflicting testimony—Question for jury.*

1. In a negligence case, where, on one aspect of the testimony of plaintiff and his witnesses, plaintiff is entitled to go to the jury, and on another he is not, it is for the jury to reconcile the conflicting statements and determine which shall prevail.

2. Such rule is peculiarly applicable, where there has been no endeavor on the part of anyone of the witnesses to make any wilful misstatements.

Argued January 19, 1925.  Appeal, No. 185, Jan. T., 1925, by defendant, from judgment of C. P. Adams Co., Nov. T., 1922, No. 92, on verdict for plaintiff, in case of John H. Wolf v. C. A. Spencer.  Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Trespass for personal injuries.  Before McPHERSON, P. J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $3,000.  Defendant appealed.

*Error assigned* was, inter alia, refusal of judgment for defendant n. o. v., quoting record.

*James A. Graham,* of *Graham & Yost,* with him *J. Donald Swope,* for appellant.

*C. E. Stahle,* with him *Chas. S. Butt,* for appellee.

PER CURIAM, February 9, 1925:

The injuries for which compensation is claimed in this case were the result of an automobile collision on the Lincoln highway, a short distance west of Gettysburg. Plaintiff with members of his family was driving west in a Chevrolet car and defendant with his son and another person going east in a Studebaker car.  The son was driving and defendant sitting in the rear seat,—each claimed the other was negligent.  Three suits arising out of the accident were tried together; a verdict was rendered in favor of plaintiff in this case, and verdicts for defendants in the cases of Spencer and his son against Wolf, the present plaintiff.  The testimony of the

several witnesses as to the manner of the happening of the accident is quite contradictory and difficult to reconcile. If the circumstances were as related by defendants' witnesses, verdicts should have been rendered in their favor. On the contrary, if plaintiff's contention was sustained by the evidence, the verdict should not be disturbed. Which was the more convincing was entirely for the jury. In McMahon v. Reading Transit & Light Co., 280 Pa. 199, 202, we said, in referring to this phase of the case, "if on one aspect of the testimony of either himself or his witness he is entitled to go to the jury, and on another he is not, it is for the jury to reconcile the conflicting statements and determine which shall prevail." This language is peculiarly applicable to the present case, especially in view of the opinion of the trial judge that "there was no endeavor, as far as the court observed, on the part of anyone of the witnesses to make any wilful misstatements."

The judgment is affirmed.