## American Railway Express Company *v.* Crane, Appellant.

*Negligence—Automobile—Truck—Collision with—Case for jury—Conflicting statements.*

In an action to recover damages to a truck resulting from a collision with defendant's automobile at a street intersection, it appeared that plaintiff's truck approached the intersection from the right. There was evidence that the truck was fully committed to the crossing, while defendant's car was still a considerable distance to the left and that the car was driven with great force against the left side of the truck. Under such circumstances the case was for the jury and a verdict for the plaintiff will be sustained.

Where the paths of two approaching vehicles cross at the intersection of public streets, the driver at the left must give way, unless so far in advance of the other as to afford reasonable time to clear the crossing and thus, in all probability, avoid a collision.

Where in one aspect of the testimony of a witness, plaintiff is entitled to go to the jury and another he is not, it is for the jury to reconcile the conflicting statements and determine which shall prevail.

Argued December 9, 1926. Appeal No. 271, October T., 1926, by defendant from judgment of C. P. Montgomery County, September T., 1924, No. 137, in the case of American Railway Express Company v. C. H. Crane. Before Porter, P. J., Henderson, Trexler, Keller, Linn and Cunningham, JJ. Affirmed.

Trespass to recover damages to a truck. Before
WILLIAMS, J.

The facts are stated in the opinion of the Superior
Court.

Verdict in favor of plaintiff in the sum of $425.67,
and judgment thereon. Defendant appealed.

*Errors assigned*, among others, was the refusal of
judgment non obstante veredicto.

*Aaron S. Swartz, Jr.*, and with him *John M. Dettra*
and *Samuel H. High*, for appellant.

*Charles Townley Larzelere*, and with him *Franklin
L. Wright*, for appellee.

OPINION BY PORTER, P. J., April 27, 1927:

This is an action of trespass to recover for damages
to a truck of the plaintiff alleged to have resulted
from a collision with the automobile of the defendant
at the intersection of 21st Street and the Parkway
Drive in the City of Philadelphia. The plaintiff re-
covered a verdict and judgment in the court below and
the defendant appeals.

The assignments of error refer only to the refusal
of the court below to enter judgment in favor of the
defendant non obstante veredicto. The only question,
therefore, is: Was the evidence produced by the plain-
tiff and the inferences to be reasonably drawn there-
from sufficient to support the finding of the jury? The
accident occurred after dark on the evening of Feb-
ruary 29, 1924, and it was an undisputed fact that there
were proper lights on the front of both cars. The truck
of the plaintiff was being driven by its employe north
on 21st Street; when it reached the south side of the
Parkway it was stopped, in order to let a truck pass
along the southern driveway of the thoroughfare. The
Parkway is composed of three separate driveways, the

one on the south side being thirty feet wide and devoted to the use of trucks or commercial vehicles; next to this, proceeding northward on 21st Street there are grass plats on each side of that street forty feet wide; next to these grass plats is the Parkway Drive, used for pleasure vehicles, and being of the width of ninety feet; north of this upon each side of 21st Street are other strips of grass plat, and then the north drive for trucks. The driver of the truck of the plaintiff testi-fied that when, driving up 21st Street, he reached the Parkway he stopped to let a truck pass along the southern drive; that he then looked north and south and saw that the way was clear and proceeded to cross; that as he proceeded across he observed the headlight of an automobile, the nearest one being at 22nd Street, one block away, to his left; that he kept glancing north and south on the Parkway to see if any one was coming; that when he reached the main pleasure drive, the road being clear, he proceeded to cross and that when he was about twenty feet from the north curb of the pleasure driveway the automobile of the defendant, approaching from the left, was driven with great force against the left side of the truck. If this testimony was true the truck of the plaintiff, approaching the street intersection from the right, reached the main pleasure driveway in advance of the car of the defendant which approached that intersection from the left. The Act of June 30, 1919, P. L. 678, and the amendment of June 14, 1923, P. L. 718, provide that: "When two vehicles approach the intersection of two public highways at the same time, the vehicle approaching from the right shall have the right of way," thus regulating traffic at crossings, and by the method stated, attempt to prevent such accidents as we are now considering. This provision of the statutes was considered by the Supreme Court in Weber v. Greenebaum, 270 Pa. 382, and it was there

held that where the paths of two approaching vehicles cross at the intersection of public streets, the driver at the left must give way, unless so far in advance of the other as to afford reasonable time to clear the crossing, and thus, in all probability, avoid a collision. The same conclusion was reached by this court, in an opinion by our brother HENDERSON, in Wiebe v. Powers, 86 Pa. Superior Ct. 389. The learned counsel for the appellant contends, however, that the testimony of plaintiff's driver was self-contradictory, for the reason that, upon cross-examination, he stated that when he got to the middle of the boulevard pleasure drive of the Parkway proper, he then looked and saw the headlights of defendant's car half-way between 22nd and 21st Streets, or over two hundred and forty feet distant, and that the truck was struck by defendant's car after the former had moved only twenty-five feet. It is argued that it was impossible that defendant's car could have moved two hundred and forty feet while the truck moved only twenty-five feet, and that, therefore, the testimony of this witness should be rejected. With this contention we are not in accord. The witness testified that his truck was moving at the rate of only five miles an hour, he did not pretend to state the rate at which defendant's car was being driven. In any view of the testimony of this witness he had reached the intersection and was fully committed to the crossing, while the defendant's car was still at a considerable distance to his left. Where in one aspect of the testimony of a witness, plaintiff is entitled to go to the jury, and another he is not, it is for the jury to reconcile the conflicting statements and determine which shall prevail: Wolf v. Spencer, 282 Pa. 425. This principle is peculiarly applicable to the present case, for we have carefully considered the entire testimony of this witness and find therein no indication that he made any wilful misstatements of fact. Certain details of his testimony were contradicted by

witnesses for the defendant, but it appears from the testimony of the defendant that he approached the intersection of the streets without having his car under control and that the truck of the plaintiff was fully committed to the crossing before the defendant had reached the intersection. The case was for the jury.

The judgment is affirmed.