## Moquin v. Mervine, Appellant.

Argued April 15, 1929. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*Harry S. Ambler, Jr.,* with him *Frank R. Ambler* and *Geary & Gilson.*—The mere happening of an accident

does not raise a presumption of negligence, much less tend to prove it: Flanigan v. McLean, 267 Pa. 553; Leslie v. Catanzaro, 272 Pa. 419; Ferrell v. Solski, 278 Pa. 565, 568; Bloom v. Bailey, 292 Pa. 348.

Speed is important only when it is the proximate cause of an accident: Eastburn v. Express Co., 225 Pa. 33; Flanigan v. McLean, 267 Pa. 553; Bloom v. Bailey, 292 Pa. 348.

The accident complained of by appellee comes within the category of unavoidable accidents.

A defendant cannot be held liable for the results of such an accident: Brown v. Boom Co., 109 Pa. 57; Wall v. Lit, 195 Pa. 375; Bradley v. Ry., 238 Pa. 315.

There are three of the so-called "guest-passenger cases," in which the situation was really one of unavoidable accident, though the opinions do not so state specifically: Ferrell v. Solski, 278 Pa. 565; Simpson v. Jones, 284 Pa. 596; Wagenbauer v. Schwinn, 285 Pa. 128.

When one is confronted by a sudden and unexpected danger, and has but a moment in which to act, he cannot be held liable for negligence on the ground that he failed to see and follow what may appear on reflection to have been the wiser course: Phillips v. Ry., 190 Pa. 222; Ackerman v. Traction Co., 205 Pa. 477; Wingert v. Ry., 262 Pa. 21.

According to appellee's testimony, the average rate of speed at which the party traveled on the way home was much in excess of the lawful rate of 30 miles an hour prescribed by statute; and as the appellant slowed down when he struck pockets of fog, or came to dangerous curves, his speed at other places must have exceeded that illegal average. And as appellee and her husband not only did not protest, but aided and encouraged the maintenance of that speed, they were both negligent for a guest-passenger who permits his host-driver to violate a fixed rule of law,—e. g., by driving at an illegal or reckless rate of speed,—without protest, is guilty of

contributory negligence: Hardie v. Barrett, 257 Pa. 42; Hill v. Rapid Transit Co., 271 Pa. 232; Wagenbauer v. Schwinn, 285 Pa. 128; Morningstar v. R. R., 290 Pa. 14.

*Henry Hipple,* with him *M. E. Haggerty,* for appellee. —Appellant, particularly since he was driving at night, was in duty bound to have his car under such control as to be able to stop, or turn it away when objects intercepting his passage came within his vision, or where he knew of the presence of obstructions: Serfas v. R. R., 270 Pa. 306; McGrath v. R. R., 71 Pa. Superior Ct. 1; Lorah v. Rinehart, 243 Pa. 231.

The physical effect of a collision can be shown in order to determine whether defendant was operating an automobile recklessly or at an undue rate of speed: McFetters v. Lee, 274 Pa. 83; Schoepp v. Gerety, 263 Pa. 538; Petrosky v. Danowitz, 86 Pa. Superior Ct. 22; Lorah v. Rinehart, 243 Pa. 231; Edwards v. Mott, 77 Pa. Superior Ct. 140; Reaney v. Jones, 75 Pa. Superior Ct. 355.

Appellant's theory of an unavoidable accident is untenable: Ferrell v. Solski, 278 Pa. 565; Cody v. Venzie, 263 Pa. 541; Wolf v. Sweeney, 270 Pa. 97.

Under the peculiar circumstances of this case the finding that the death of Moquin was a natural cause and proximate result of the wound did not depend entirely on expert or medical testimony, but could have been found by the jury from the circumstances of the death and injury: Davis v. Davis, 80 Pa. Superior Ct. 343; Yodis v. Coal & Iron Co., 269 Pa. 586; Zukowsky v. Coal & Iron Co., 270 Pa. 118; Zelazny v. Mining Co., 275 Pa. 397; Jones v. Coal & Iron Co., 285 Pa. 317.

All that a passenger can do is to protest or warn the driver: Hardie v. Barrett, 257 Pa. 42; Davis v. Ice Co., 285 Pa. 177; Vocca v. R. R., 259 Pa. 42; Schlossstein v. Bernstein, 293 Pa. 245; Alperdt v. Paige, 292 Pa. 1.

Opinion by Mr. Justice Schaffer, May 13, 1929:

Defendant, who appeals from a judgment on a verdict awarded against him for damages caused to plaintiff by the death of her husband, urges upon us that the recovery should be set aside.

Many questions are presented in appellant's most elaborate brief. We think it not requisite to discuss them in detail because the real case is of simple statement.

Defendant and his wife and four guests, plaintiff and her deceased husband, and a Mr. and Mrs. Wright, were returning from Pittsburgh to Lock Haven on the night of January 10, 1927. They were riding in defendant's automobile at his invitation. He was driving the car. About 11:30 o'clock, in rounding a sharp curve, the automobile left the road and crashed into a frame shed eight or ten feet distant from the improved part of the highway, with the result that most of those in the car were more or less injured, plaintiff's husband by a cut in his forehead three or four inches long, which became infected the next day with streptococci, from which death resulted thirty-six hours after the collision.

Defendant insists that he was driving with due care at the time of the collision, at not over fifteen miles an hour. The photograph of the automobile attached to the record, exhibiting as it does a demolished condition, would indicate great force applied. It is undisputed that the shed, which was 20x30 feet and weighed seven tons, was knocked by the impact of the car eighteen inches off its foundation. It is difficult to understand how what happened to the car and the building could have been brought about by a speed as low as appellant mentions. The car was a closed sedan and those in it with the exception of appellant, who was at the wheel, were thrown out of it by the force of the blow. "With reference to the speed at which the truck was traveling the jury might properly conclude, from......the force and effect of the collision, that it was moving faster than

84

the defendant's driver indicated by his testimony":
McFeeters v. Lee, 274 Pa. 83, 86.

Plaintiff, who was familiar with the speed of automobiles, having driven one for ten years, testified that as they approached the curve, defendant was driving at the rate of forty-five miles an hour, that there were warning signs indicating that it was a dangerous curve, and that her husband, who was seated with her on the rear seat, as they approached the curve, said to defendant, "You better slow up, we're coming to the curve." She likewise gave warning. Defendant admitted full knowledge of the curve, having driven over the road many times, and himself testified that on the way out to Pittsburgh one of the party had spoken of it as the "meanest" curve on the road.

Under these circumstances, considering the dangerous character of the road, the speed at which the car was moving as testified to by plaintiff, and as indicated by the circumstance that, instead of taking the curve, it left the improved part of the road and proceeded in a straight course to the shed, and the result of its impact therewith, we are of opinion that it was for the jury to say whether defendant was negligently operating the automobile: McFeeters v. Lee, 274 Pa. 83. He was bound to so operate his car as that at all times he had it under proper control: Lorah v. Rinehart, 243 Pa. 231; Serfas v. Lehigh & New England R. R. Co., 270 Pa. 306; McGrath v. Penna. R. R. Co., 71 Pa. Superior Ct. 1 (KEPHART, J.). It cannot be said that a car, which leaves the traveled part of a highway and runs one hundred feet and collides with a shed of the size mentioned, is under proper control. It is certain that if the car had been managed properly and had been moving at a careful speed around the curve, it would not have left the road.

Appellant argues that plaintiff and her husband were guilty of contributory negligence, because they sat still and did not protest against the rate of speed at which

he was driving throughout the journey, since he must necessarily have been exceeding the speed limit much of the way, as his average speed considering the mileage traveled ·was thirty-eight to forty miles an hour. We do not see how it could be said that they were contributorily negligent in view of the warning which they gave defendant as they approached the curve. The fact that he may have driven at an excessive speed elsewhere on the journey might have a bearing on the question of their contributory negligence if they had not given warning as they approached the dangerous curve; having done so, however, his rate of speed prior to that is of no consequence. "An invited guest, and especially one who occupies a rear seat in the car where no opportunity to·control exists, is in a different position. He ordinarily is not concerned with the operating of the car and cannot be viewed as joining with the driver in its operation merely from the fact that he happens to be an occupant of the machine": Davis v. American Ice Co., 285 Pa. 177, 184. "Silence with regard to the driving is generally golden" when sitting on the back seat: Schlossstein v. Bernstein, 293 Pa. 245, 250.

Complaint is made against the admission of the testimony of plaintiff to the effect that she and her husband had agreed while they were in the hospital that they would state to others that the accident was not the fault of defendant, in order to shield him. We see no impropriety in permitting her to make this explanation of the testimony of others as to what she and her husband had said.

It is also urged that it was not established that the infection which caused the death of plaintiff's husband came from the wound in his forehead. Doctor Teah, who was in charge of the hospital and who would seem to have been an unwilling witness for plaintiff, said that death was due to an acute infection as to which the forehead wound was probably a contributing cause. Speaking of the wound, he also said that it was "The

only knowledge that I had at the time from which the infection could come." Dr. Hardt, who was called in consultation and examined the injured man, testified that from the examination he made and from the history of the case he was of the opinion "that he died from an infection from the wound on his forehead." This testimony was sufficient to warrant the jury in concluding that death was due to the infection of the wound in the forehead, which admittedly was received in the collision. Dr. Hardt's testimony was not objected to nor was any motion made to strike it out. His ability to express an opinion on the question was not challenged in any way.

We have considered all the assignments of error. Nothing in them would warrant a reversal.

The judgment is affirmed.