## CITY OF CHESTER v. BALT. & P. R. CO.

APPEAL BY DEFENDANT FROM THE COURT OF COMMON PLEAS OF CHESTER COUNTY.

Argued February 11, 1891—Decided February 23, 1891.

A street laid out by the commissioners, under § 7, act of February 14, 1866, P. L. 31, incorporating the city of Chester, their report being duly approved, is, although unopened, an established road or way, within the meaning of § 12, act of February 19, 1849, P. L. 84, requiring railroads to be so constructed across the same, as not to impede the passage or transportation of persons or property.

Before PAXSON, C. J., STERRETT, GREEN, CLARK and WILLIAMS, JJ.

No. 137 January Term 1891, Sup. Ct.: court below, No. 30 September Term 1889, C. P.

To the number and term of the court below, above given, a case stated was filed, wherein the city of Chester was plaintiff, and the Baltimore & Philadelphia Railroad Company defendant, as follows:

"Under the provisions of § 7, act of February 14, 1866, P. L. 31, the commissioners therein named made and surveyed a plot of the streets of the city of Chester theretofore existing, and also streets thereafter to be opened, and in other respects performed their duties under the said act of assembly; and the said plot was duly approved by the Court of Quarter Sessions of the county of Delaware, on the twenty-fifth day of November, 1867.

" Among the new streets designated by the said commission to be opened under the said act of assembly, was Fourteenth street. No action was taken, either by the municipal authorities of the city of Chester or by the owner of land traversed by the said street, toward .the actual opening thereof upon the ground, until the passage of an ordinance by the city of Chester, on July 16, 1888, in the following words:

" ' The select and common councils of the city of Chester do ordain that Fourteenth street, from Melrose Avenue to Ridley Avenue, be opened and graded for public use and travel in accordance with the established lines and grades, provided that the grading be done by the owners of property on each side of said street, and provided that the said owners of property release all claims for damages for said opening and grading.' "

" In the year 1885, the Baltimore & Philadelphia Railroad Company condemned a route for a railroad through the city of Chester, and constructed thereon a railroad, crossing Fourteenth street as laid down upon the plot by the said commission.

" In the year 1888, and after the construction of the said railroad, the said Fourteenth street, in pursuance of the said ordinance, was actually opened on the ground and laid out for public use and travel, crossing the said railroad at grade. The expense of making the crossing of the said Fourteenth street over the said railroad is $176.26.

" If the court shall be of opinion that the expense of making

the said crossing should be borne by the defendant, then judgment shall be entered in favor of the plaintiff for $1 and costs; but if the court shall be of opinion that the said expense should be borne by the plaintiff, then judgment shall be entered in favor of the defendant against the plaintiff for the sum of $176.26, with costs." Reserving, etc.

After argument, the court, CLAYTON, P. J., entered judgment for the plaintiff on the case stated, the following opinion being filed:

Under the provisions of § 1, act of February 14, 1866, P. L. 31, the commissioners therein named made a regular plot of all the streets of Chester, as well those already opened, as those to be opened in the future. Among the new streets designated upon said plot was Fourteenth street. All the formalities of the law were strictly complied with. The grade was established, lines surveyed, plot made and approved by the court, and duly recorded in the office of the recorder of deeds at Media. With full record notice of this established but unopened street, the Baltimore & Philadelphia Railroad Company laid out and opened its road at grade across said street. The question now presented is: Which corporation shall pay the expense of making the street passable over the railroad tracks? The expense is agreed to be $176.26.

The rights of the parties are to be settled by their respective charters. It will be observed that the charter of the city of Chester is much older than that of the railroad company. The railroad company was chartered under the provisions of the act of 1849, which provides that: "Whenever, in the construction of such road or roads, it shall be necessary to cross or intersect any established road or way, it shall be the duty of the president and directors of the said company so to construct said road across such established road or way as not to impede the passage or transportation of persons or property along the same." If Fourteenth street was an established street, when the railroad crossed it, it was the duty of the company to so construct its road as not to impede public travel on the street. The single question therefore, is, Was it an established street?

The spirit of the act was to guard the public from additional expense, in maintaining its system of roads and streets when

crossed by a railroad. The act should have a liberal construction in favor of the public. Let us suppose the case of a public road regularly laid out, surveyed, grade fixed, and all the proceedings duly approved by the court, with nothing to be done but to issue the order to the supervisor to open it. Would it be held that a railroad company could, in the interval between the confirmation of the proceedings and the issuing of the order to open, locate a railroad across such a public road without regard to its grade, and require the township to build expensive causeways, or make excavations, or build a bridge in order to cross the railroad? It seems to me that when the final decree was made by the proper court, the road must be looked upon as an established road.

If such would be the law in a case of that kind, the rule would apply with increased force in the present case, because of the peculiar reading of the act of assembly creating the corporate rights of the city of Chester. The act provides that when the report of the commissioners shall be approved by the court, " the said avenues, streets, lanes and alleys, so laid out by the said commissioners, shall, when thus approved of by the said court, be deemed, taken and allowed to be public streets, lanes or alleys of the city of Chester, and to be thereafter opened," etc. The same act further provides that " it shall not be lawful for any owner or occupier to erect any buildings or make any improvements within the lines of the roads, streets, alleys or lanes laid out in said city; and if any buildings are erected or improvements made, they shall be deemed nuisances and may be abated; and that no allowance shall be made for said buildings or improvements in the assessment of damages." This is very strong language, and would seem to settle the question and entirely remove whatever doubt might exist as to whether the streets of Chester, regularly plotted and laid out, although not actually opened, are established streets, in the meaning of that word as used in the act of 1849.

If an individual had obstructed the street at the same time the railroad crossed it, the obstruction could remain no longer than until the actual opening of the street; it would then have to be removed at the expense of the landowner. If the owner of the land had built a private road across this street on a different grade, he would now be compelled to remove it, and at

Syllabus.

his own expense. If this would be the law as to individuals, it must be the law between these corporations.

Judgment for the plaintiff, on the case stated.

—Thereupon the defendant took this appeal, assigning the judgment for the plaintiff, on the case stated, for error.

*Mr. W. B. Broomall*, for the appellant.

Counsel cited: Quigley v. Railroad Co., 121 Pa. 35; Woodring v. Forks Tp., 28 Pa. 355; Phœnixville v. Iron Co., 45 Pa. 135; Meadville v. Canal Co., 18 Pa. 66; Erie City v. Canal Co., 59 Pa. 174; Union Canal Co. v. Pinegrove Tp., 6 W. & S. 560.

*Mr. Orlando Harvey*, for the appellee, was not heard.

PER CURIAM:

This judgment is affirmed upon the opinion of the learned judge of the court below.

Judgment affirmed.