JESSE T. STAGGS *v.* MOBILE & OHIO RAILROAD COMPANY.

RAILROADS.    *Collision at crossing.*    *Peremptory instruction.*

    The imprudence of its engineer in charge of a train in approaching a much frequented road crossing at a high rate of speed, without heeding the efforts of persons to flag the train or the presence of a wagon broken down on the track, in plain view, renders improper a peremptory instruction in favor of the railroad company when sued for damages resulting from collision with the wagon.

FROM the circuit court of Monroe county.

HON. EUGENE O. SYKES, Judge.

The facts are stated in the opinion of the court.

*McFarland & Paine,* for appellant.

The peremptory instruction should not have been given. The plaintiff was not a trespasser; he had a right to cross the

track where he was endeavoring to do so. The question whether the railroad company's employe exercised such care as the situation imposed and the law demanded under the circumstances, should have been left to the jury. *Byrne* v. *New York, etc., Railroad Co.,* 104 N. Y., 362, s.c., 58 Am. Rep., 512; *Barry* v. *New York, etc., Railroad Co.,* 92 N. Y., 282, s.c. 44 Am. Rep., 377; *Bullock* v. *Wilmington, etc., Railroad Co.* (N. C.) 10 So. East. Rep., 988; *Louisville, etc., Railway Co.* v. *Phillips,* 112 Ind., 59, s.c. 2 Am. St. Rep., 155.

There was a conflict in the evidence on the question as to how far the appellant and his companion ran along the railroad in their efforts to flag down the train. If they ran as far as they stated in evidence and gave the engineer the warning to which they testified, the jury would have been warranted in finding for the plaintiff. *Illinois, etc., R. R. Co.* v. *Boehms,* 70 Miss., 11; *Richardson* v. *Toliver,* 71 Miss., 966.

*Brislow & Sykes,* for appellee.

The peremptory instruction was proper. The plaintiff was guilty of contributory negligence in attempting to cross the track about train time, as he knew, with a wagon heavily-loaded and with the iron rails considerably higher than the rest of the crossing and a rut caused by the removal of the planks, not knowing that his wagon was in sound condition. The plaintiff's gross negligence was the proximate cause of the injury. The dirt road was not a highway; it was a private plantation road and the crossing was made for the use and at the request of another. One who goes upon a railroad track at a place other than a highway, for his own convenience, is a trespasser. 7 Rapalje & Mack's Digest Ry. Law, 117, and cases cited. A plantation or farm road is not a highway within the meaning of our statutes. *Mobile, etc., R. R. Co.* v. *State,* 51 Miss., 137.

The defendant is not liable, aside from plaintiff's contributory negligence, unless it were guilty of gross negligence. *Mo-*

*bile, etc., R. R. Co.* v. *Stroud,* 64 Miss., 784; *Louisville, etc., Ry. Co.* v. *Cooper,* 68 Miss., 368; *Memphis, etc., R. R. Co.* v. *Jobe,* 69 Miss., 452; *Dooley* v. *Mobile, etc., R. R. Co.,* 69 Miss., 648; *Richmond, etc., R. R. Co.* v. *Burnsed,* 70 Miss., 437; *Vicksburg, etc., R. R. Co.* v. *McGowan,* 62 Miss., 682; *Illinois, etc., R. R. Co.* v. *Lee,* 71 Miss., 895; Whittaker's Smith on Negligence, 402.

Terral, J., delivered the opinion of the court.

The plaintiff sued the defendant for the destruction of his well boring machine. The machine was loaded upon a wagon, which was passing along a country road that crossed the Mobile & Ohio Railroad track some two miles above Muldon in the open prairie, and from which crossing a train could be seen from one-half to three-quarters of a mile. According to the plaintiff's evidence, his wagon arrived at the crossing before sundown and about twenty minutes before the train came. It also showed that the plaintiff stopped, looked and listened, and saw and heard no train; that upon driving his wagon upon the crossing the king-bolt broke and dropped the rear end of the wagon and the well boring machine on the railroad track; and the machine formed an object some four or five feet high upon the track.

While planning to remove the wagon and machine from the track, the train was heard or seen approaching, at great speed, pronounced by the engineer to be about forty miles per hour, whereupon the plaintiff, standing on the track some forty feet from the machine vigorously waved his coat backwards and forwards across the track in an effort to flag the train down; and this effort at flagging the train to stop was continued by him from the time he saw the train, more than half a mile distant, until the engine passed him. J. W. Stagg, a brother of the plaintiff, who was assisting him in moving the machine, testified that as soon as he saw the train, some twelve hundred yards off, he pulled off his hat and ran towards the train one

hundred and eighty-six yards before meeting it, flagging it all the while to stop.

The crossing was placed upon this neighborhood road by the defendant company, at the request and for the use of the owner of the adjacent farm, and was much used by the people of the neighborhood as well as by the owner of the farm and by his tenants, and one witness said the crossing was almost equal to a public highway, and that there is hardly an hour through the day but that there was passing on that crossing.

The engineer testified he was running about forty miles per hour just before reaching the crossing; and that he was on the lookout, but that he did not see any person until within one hundred yards of the wagon and machine, and then he did not pay any particular attention to the persons on the track, because he supposed them to be section hands giving him— not a code signal—but their signal, "all is right." The defendant got a verdict by a peremptory instruction of the court. We are of the opinion that the case should have gone to the jury for their decision and judgment. The evidence shows a want of prudence on the part of the engineer in approaching a road crossing, as much used as this one is shown to have been, at such great speed, and in paying so little attention to the efforts of the plaintiff and his assistant in endeavoring to flag down the train.

Between the evidence of the plaintiff and that of the defendant there was direct conflict on material points, and that conflict necessitated the submission of the case to the judgment of the jury.

*Let the judgment be reversed and a new trial awarded.*