# Marfilues v. Philadelphia & Reading Railway Company, Appellant.

*Negligence—Crossing—Diagonal crossing—"Stop, look and listen"—Contributory negligence—Province of court and jury.*

1. Where, at a diagonal crossing of a highway over a railroad, open spaces two or two and one-half inches wide and five inches deep exist between the sides of the planks and the sides of the rails, so that when a wagon is crossing there would be danger of the wheel of the wagon sliding along the edge of the rail and turning in the direction of the line of the open spaces, the question whether an accident resulting from this

cause is one to be apprehended and guarded against by the railroad company, whose duty it is to maintain the crossing in a reasonably safe condition, is a question for the jury and not for the court.

2. In such a case where a driver after having properly stopped, looked and listened, goes upon the crossing, and after he finds that his wheels are fast, looks for a train in the direction from which one might approach, and seeing none, gives his attention to moving his wagon, and then is struck by a train running over sixty miles an hour, the question of his contributory negligence is for the jury.. In such emergency he is entitled to a reasonable opportunity to think and act.

Argued Jan. 12, 1910. Appeal, No. 215, Jan. T., 1909, by defendant, from judgment of C. P. No. 1, Phila. Co., Dec. T., 1906, No. 5,000, on verdict for plaintiff in case of Augustus Marfilues v. Philadelphia & Reading Railway Company. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before KINSEY, J.

The circumstances of the accident are set forth in the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $10,650. Defendant appealed.

*Error assigned* was in refusing to enter judgment for defendant non obstante veredicto.

*Wm. Clarke Mason,* for appellant.

*Ruby R. Vale,* for appellee.

PER CURIAM, February 21, 1910:

At a place where a public highway crossed the defendant's road diagonally and at grade, planks had been laid between the rails of the tracks to facilitate the passage of vehicles over the roadbed. These planks were parallel to the rails but not close to them; open spaces two or two and a half inches wide and five inches deep had been left between the sides of the planks and the sides of the rails. For what purpose these

openings had been left or whether they were a part of the origi-
nal construction did not appear. It was, however, shown by
the cross-examination of a witness for the plaintiff that some
time after the accident the open spaces had been filled up by
placing planks against the web of the rails, and from this it
would appear that they were not essential in operating the
road. The plaintiff was riding in a covered business wagon,
and, before driving on the crossing, he twice stopped, looked
and listened for a train, once 300 feet from the tracks where
he had an extended view, and a second time when fifteen feet
from them. One of the front wheels of his wagon was caught
in the space between the planking and the second rail of the
first track and, as he turned his horse to one side in an effort
to free the wheel, a hind wheel slipped into the opening.
When he found that his wagon was fast, he looked along the
tracks in the direction in which the train came and saw no
train, although he had a clear view for two miles. As he was
in the act of jumping from the wagon, its rear end was struck
by a train running sixty or more miles an hour, of the approach
of which no warning was given. It was shown that after the
accident to the plaintiff the wheel of another wagon was
caught in the opening in the same way.

The defendant offered no evidence, and the question raised
by this appeal is whether under the plaintiff's testimony a case
for the jury was made out. If the crossing had been at right
angles with the track, a wagon wheel would have come
squarely against the rail and the danger of its slipping into the
opening would have been slight. But at a diagonal crossing a
wheel would strike the rail at an angle that would have a tend-
ency to cause it to slide along the edge of the rail and to turn
in the direction of the line of the open space. Whether the
danger of an accident resulting from this cause was one to be
apprehended and guarded against by the defendant, whose
duty it was to maintain the crossing in a reasonably safe con-
dition, was a question not for the court but for the jury.

The question of contributory negligence was also for the
jury. The plaintiff did all the law required before driving on
the crossing. When he found that his wheels were fast, he

looked for a train in the direction from which trains would approach on the track on which he was, and saw none. His attention was then given to moving his wagon. The problem was what to do and how to do it and, if in the emergency suddenly arising he failed to do what after mature deliberation would seem to be the wisest thing, he is not to be charged with negligence. He was entitled to a reasonable opportunity to think and act: Phillips v. Ry. Co., 190 Pa. 222.

The judgment is affirmed.