# Jennings, v. Susquehanna & New York R. R. Co., Appellant.

*Negligence—Railroads—Grade crossings—Presumption of duty to repair.*

Where a railroad company is charged with the duty of maintaining a crossing on plaintiff's farm, it must keep it in reasonable repair for the use of machinery used on farms.

Where a railroad company has continuously maintained and repaired for many years a crossing, originally constructed by virtue of some agreement, the details of which are not available, the presumption would be that the contract so provided. Such maintenance is conclusive evidence of a recognized duty, although the agreement imposing it has been lost.

*Contributory negligence—Failure to stop, look and listen—Tractor—Case for jury.*

It is for the jury to find whether the driver of a tractor is negligent, in attempting to cross railroad tracks, moistened by damp weather, when he crossed them the day before without difficulty.

Failure to stop, look and listen does not defeat plaintiff's claim, where this failure did not contribute to the accident.

*Charge of court—Adequacy—Measure of care.*

The charge of the court, that it was the duty of the defendant to keep a crossing in a condition reasonably adapted for the purpose for which it was erected, was adequate as to the measure of care. If counsel desired further instructions, he should have requested them at the trial.

Argued November 20, 1924. Appeal, No. 171, Oct. T., 1924, by defendant, from judgment of C. P. Bradford Co., Sept. T., 1920, No. 3, on verdict for plaintiff in the case of Mary B. Jennings v. Susquehanna & New York

Railroad Company.   Before ORLADY, P. J., PORTER, HEN-
DERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.
Affirmed.

Trespass for damages to a tractor.   Before MAXWELL,
P. J.

The facts are stated in the opinion of the Superior
Court.

Verdict and judgment for plaintiff for $1,944.78.   De-
fendant appealed.

*Errors assigned* were, among others, failure of the
court to charge the jury adequately as to contributory
negligence, and in relaxing the rule to stop, look and
listen.

*A. F. Jones,* and with him *R. A. Mercur,* for appellant,
cited: Gates v. Penna. R. R. Co., 6 Pa. C. C. 4; Gramlich
v. Railroad Co., 9 Phila. 78; Marfilues v. Phila. & Read-
ing Ry. Co., 227 Pa. 281; Northern Pacific Ry. Co. v.
Tracy, 191 Fed. 15; New York, etc., R. R. Co. v. Enches,
127 Pa. 316; Schwenk v. Kehler, 122 Pa. 67; Davidson
v. Traction Co., 4 Pa. Superior Ct. 86; Paul v. P. & R.
R. R. Co., 231 Pa. 338.

*Chas. M. Culver,* for appellee, cited: Pittsburgh, Ft.
Wayne & Chicago Ry. Co. v. Dunn, 56 Pa. 280.

OPINION BY TREXLER, J., February 27, 1925:
The defendant company has the right-of-way over
plaintiff's farm on which a single track railway has been
built and over which a crossing has been maintained for
many years by the company.   On the morning of Sep-
tember 19, 1917, plaintiff's employee when operating a
farm tractor attempted to cross the railway.   By reason
of the bad condition of this crossing he was put in such
a position that his tractor was stuck and he was unable
to go forward or back.   Realizing his predicament he

started on foot in the direction of Towanda assuming that if there were a train coming it would be from that direction.  He had gone but a few feet when he saw a train coming about one-eighth of a mile away.  Instead of pursuing his course toward the approaching train he returned to the tractor and made a final attempt to get it off the track.  The train approaching with gradually increasing speed, he jumped from the tractor which was struck by the train and demolished.  The crossing was out of repair, the planks had been worn out and were completely gone.  The plaintiff's employee had passed over it with the tractor the day before the accident, but owing to the wet weather what he had done the day before, he was unable to do again.  The use of tractors on farms is common.

The defendant claims that there was no evidence of negligence on its part.  The duty was on the railroad company to maintain the crossing for the purpose intended, that is to afford a reasonably safe passage for farm implements or other machinery used on farms. The court gave proper instructions to the jury in this regard.  They were told that the company was required to keep the crossing in a reasonable condition of repair so that it could be used by the tenants of the plaintiff in passing over the railroad track with the ordinary farm implements necessary for the running and conducting of a farm proper.  The evidence shows that it repaired the crossing from time to time.  There was some doubt as to the conditions under which the crossing was originally constructed.  In the deed of 1855 to the plaintiff's predecessor in title the railroad agreed to construct two crossings.  There is but one now.  Whether this is one of the two crossings contemplated or one put there without relation to the deed we cannot tell.  If put there by the company under the Railroad Act of February 19, 1849, P. L. 79, section 12, the duty to maintain by the company followed.  If put there by the virtue of some agreement, the presumption would be that the company

having continuously maintained and repaired it, that the contract, the details of which are not available, so provided. It is conclusive evidence of a recognized duty although the agreement imposing it has been lost. The origin of the proceedings or the agreement fixing the duty of the railroad as to this crossing may be lost but that does not compel us to ignore the facts now present and to speculate as to what may have been done many years ago. See B. & O. R. R. Co. v. P. S. C., 80 Pa. Superior Ct. 443. It follows of course that being charged with the duty of maintaining the crossing, a failure to keep it in repair furnished a proper basis for a charge of negligence. It was the duty of the jury to find whether the defendant company could foresee that the nonrepair would be likely, in the course of events to cause an accident such as we are now considering.

Nor do we think the driver was plainly negligent in attempting to cross that the court was required to take the case from the jury. He had passed over the day before. It would be holding him too closely to say that because there had been a change in the weather and the crossing had become moistened by the fog the night before that the danger became so obvious that he was clearly negligent in his efforts to repeat the act. It was peculiarly the duty of the jury to find whether the driver contributed to the accident by his negligence in not foreseeing by the use of ordinary prudence that an accident was likely.

Plaintiff's servant stopped, looked and listened, but did not shut off his motor. There is no testimony that the noise of the running motor prevented his hearing the approaching train. In fact the failure of plaintiff's servant to stop, look and listen, under the present case could not affect the decision of the matter. His first sight of the train one-eighth of a mile distant was after the tractor was stuck on the track and after he had made repeated efforts to get it off. The appearance of the train had no relation to his approach to the crossing.

That was a closed incident. What was said in Baugh-man v. The Shenango & Allegheny Railroad Company, 92 Pa. 335, by Justice PAXSON, can well be applied to this case. There a horse's foot became fast between the rail and the plank and the plaintiff who was driving the horse was busy in attempting to get the horse's foot out of the place in which it had stuck and his wife when she saw an approaching train ran down the track waving her handkerchief. We quote from that case: "The rule invoked [stop, look and listen] is a valuable one and sustained by several well considered cases, among which may be mentioned, Railroad Co. v. Heileman, 13 Wright 60; Hanover Railroad Co. v. Coyle, 5 P. F. Smith 396, and Pennsylvania Railroad Co. v. Beale, 23 Id. 504. We do not propose to depart from this principle nor to weaken its force. We are unable to see its applicability to this case, however. The injury, as developed by the plaintiff's testimony, was not the result of a failure to observe the rule. Had he stopped, looked and listened, it is not probable he would have seen or heard the train, for the reason, that it was too far off to have been patent to any of the senses."

When the plaintiff's employee found that he was stuck on the track and saw the train coming his first impulse was to run toward the train. He changed this course of action by returning to the tractor in a last attempt to move it. Whether he acted prudently in this emergency, not losing sight of the fact that he had to act immediately and had no time for forethought, was a matter for the jury. Centofanti v. Penna. R. R. Co., 244 Pa. 255; Marfilues v. P. & R. Ry. Co., 227 Pa. 281; Wanner v. P. & R. Ry. Co., 261 Pa. 273.

As to the assignments directed to the alleged inadequacy of the charge, we see no reason for sustaining them. The court asked counsel whether there was anything further which they thought of. Suggestions were made to the trial judge and further comment made by him in accordance thereto. Particular attention is di-

rected to the fact that the court did not define the measure of care required by the defendant company in the maintenance of the crossing.  As we have already stated, the court told the jury that the alleged negligence of the railroad company was its failure to maintain this crossing upon plaintiff's farm in such a reasonable condition of repair so that it could be used by the tenants.  He referred to the fact that the planking had gone, that the plaintiff's contention that the failure to properly repair and keep it in repair caused the tractor to become stalled, that the burden of proof that the defendant was negligent in this respect was upon the plaintiff and that the negligence charged must have caused the accident, that the defendant's position was that the crossing was in good condition, that it had been repaired by placing new ties under the rails and that the planks were properly placed in position and the crossing filled in with ashes and gravel between the plank and ties.  The court then went on to ask the jury to weigh these stories and determine as to its condition.  Defendant now says the court should have defined the degree of care required in keeping the crossing in repair.  If counsel desired to have the court expatiate further upon this subject he should have suggested that thought to the learned trial judge.  The court seems to have given the jury a fair view by the language above employed, that it was the duty of the defendant to keep the crossing in a condition reasonably adapted for the purpose for which it was erected.  Nor do we think anything of the proposition that the defendant company had no notice of the condition of the crossing.  Under the testimony as developed in this case we think the conclusion could reasonably be reached that it was charged with notice.

All the assignments are overruled and the judgment is affirmed.