## Naugle, Appellant, v. Reading Company.

342

Argued March 11, 1941.

Before KELLER, P. J., CUNNINGHAM, STADT-
FELD, RHODES and HIRT, JJ.

*Miller Alanson Johnson*, for appellant.

*Andrew A. Leiser, Jr.*, and *David R. Crossgrove*, for
appellee.

OPINION BY RHODES, J., June 30, 1941:

Plaintiff brought this action in trespass against de-
fendant to recover damages to his automobile arising
out of an accident at a grade crossing of the tracks of
defendant. The jury rendered a verdict in favor of
plaintiff; the court below entered judgment n. o. v. for
defendant from which plaintiff has appealed.

In this situation the testimony must not only be read
in the light most favorable to plaintiff, all conflicts
therein being resolved in his favor, but he must be
given the benefit of every fact and inference of fact per-
taining to the issues involved which may be reasonably
deduced from the testimony. *Hawk et ux. v. Pennsyl-*

*vania R. R.,* 307 Pa. 214, 218, 160 A. 862; *Moore et al. v. Baltimore & Ohio Railroad Co.,* 136 Pa. Superior Ct. 182, 185, 7 A. 2d 162.

Viewed in this manner the testimony establishes the following facts: On the evening of November 24, 1938, plaintiff made a pastoral visit to the home of one Taylor Kostenbader. Darkness had fallen, and there was a fresh snow about ten inches deep. After concluding his visit, he started home in his automobile by way of a private lane running east and west and leading from the Kostenbader property to the main highway. The lane crosses the double tracks of defendant which run north and south. The tracks approach the crossing at approximately a level grade. The crossing was of a cinder composition with a width of about twenty feet. Blocks were placed between the rails to keep the cinders in place, at the north and south sides of the crossing, there being a drop of five to six inches to the bed of the tracks. Plaintiff, driving westwardly on the lane and onto the crossing at about ten miles an hour, slipped off the south side of the crossing with the left front and rear wheels of the automobile eventually resting on the northbound track. The automobile stalled and the left rear tire blew out. With the assistance of the Kostenbader family, he attempted to remove the automobile with a horse and jack, but the attempts were unsuccessful.

Clark Kostenbader, learning that a train was soon approaching from the south, acquired a farm lantern and proceeded south on the straight track, waving the lantern in an attempt to signal the train which was a mile and a half away at the time he started south on the tracks. At a point 630 feet south of the crossing, the oncoming train, traveling at a speed of ten to fifteen miles an hour, passed Kostenbader. The engineer testified that he saw the signal when Kostenbader was ten feet ahead of the engine, and that he heard Kostenbader

call "automobile." The train proceeded on and collided with plaintiff's stalled automobile, eventually stopping about 400 feet north of the crossing. There was some question as to what extent it was snowing at the time of the collision.

Defendant's contention, upheld by the court below, is that there was no evidence that defendant's engineer was negligent in failing to bring the train to a stop before reaching the crossing, and thus avoid the collision. With this we do not agree. Although the engineer testified that he applied his service brakes when he saw Clark Kostenbader with the lantern, plaintiff and his witnesses testified that the train did not slacken speed until 200 feet north of the crossing; that no application of brakes was heard until after the collision; and that there was no change in the puffing of the engine until after it hit the automobile. Plaintiff also testified that he heard the engineer, who was standing in front of his engine after the collision, say: "We can't stop for every little flagging on our road, or we would be stopping all the time." According to the testimony of Taylor Kostenbader, the train was traveling 10 to 15 miles an hour when it passed the crossing, the same estimated speed when it passed Clark Kostenbader 630 feet south of the crossing. The latter testified that, when the train passed him, he could see plaintiff's automobile because all the lights of the automobile were turned on, and that the light from the headlights of the Kostenbader car was directed upon plaintiff's car. Taylor Kostenbader also testified that when the train passed Clark Kostenbader it threw a very good light to the crossing. Defendant's engineer admitted that he could have stopped the train with the service application in a distance of 600 to 800 feet, and that he did not attempt to apply the emergency brakes. Taylor Kostenbader testified that the train stopped 400 feet north of the crossing, 200 feet after it began to slacken up,

which was 1,030 feet from the point where the train passed Clark Kostenbader. Under these circumstances the jury could infer that no attempt was made to stop the train until after the collision, and that it could have been stopped before the train entered the crossing; the evidence was sufficient to establish that defendant's engineer knew of the presence of plaintiff's automobile on the tracks, that he saw or should have seen it standing on the track at the crossing at the time when his train was at such a distance south of the crossing that it could have been stopped before reaching the automobile, and that he neglected to do so, and proceeded to a result which he should have foreseen. See *Muehlhof v. Reading Co.,* 309 Pa. 17, 22, 23, 162 A. 827; *Jenkins v. Kurn et al.,* 313 U. S. 256, 61 S. Ct. 934, 85 L. Ed. 1316.

Defendant also contends that plaintiff was guilty of contributory negligence. It is first submitted that plaintiff was negligent as a matter of law in his failure to stop, look, and listen before proceeding across the tracks. Plaintiff admitted that he did not stop before proceeding across the tracks, but his failure to do so did not contribute in any degree to the production of the injury. The accident happened twenty minutes after he attempted to cross the crossing. Had he stopped, looked, and listened he would not have seen or heard the train for the reason that it was too far off to have been patent to any of the senses. *Baughman v. Shenango & Allegheny R. Co.,* 92 Pa. 335, 338; *Jennings v. Susquehanna & New York R. R. Co.,* 84 Pa. Superior Ct. 442, 445. "The test for contributory negligence is whether the act constituting the negligence contributed in any degree to the production of the injury: *Creed v. P. R. R.,* 86 Pa. 139, 145; *Gould v. McKenna,* 86 Pa. 297, 303": *Robinson v. American Ice Co.,* 292 Pa. 366, at page 369, 141 A. 244, at page 245. "The fact that the plaintiff has failed to exercise reasonable care for his

own safety does not bar recovery unless the plaintiff's harm results from a hazard because of which his conduct was negligent": Restatement of the Law, Torts, §468.

It is also argued that plaintiff's automobile caught in the tracks due to his own negligence. Plaintiff testified as follows: "You could see the contour of the driveway. It was higher than where the tracks were, and I thought I was taking that, but the snow had moved, as it was blowing from the upper part of the track, on the driveway, that it all looked alike the same as the driveway." He previously testified that he had used this crossing many times, and that on this particular occasion he was proceeding across at the rate of ten miles an hour. He further testified: "As it looked to me, as I approached the crossing, I thought I was taking the center, and I thought there would be no danger in taking the center at any time." Under the circumstances we cannot say as a matter of law that plaintiff as a reasonably prudent person should have left the car, walked ahead and inspected the road to ascertain without any doubt the exact limits of the crossing. As said in *Altomari v. Kruger et al.*, 325 Pa. 235, at page 240, 188 A. 828, at page 831: "It is only in those cases where contributory negligence is so clearly revealed that fair and reasonable individuals could not disagree as to its existence that it may be declared judicially." Cf. *Jennings v. Susquehanna & New York R. R. Co.*, supra, p. 445.

Assuming that plaintiff was a trespasser, as contended by defendant, he was nevertheless entitled under the evidence to recover his damages from defendant. Although defendant was not bound to anticipate the presence of trespassers on its tracks, the jury could, and apparently did, find from the facts established a reckless or intentional disregard by defendant's servants of the presence of plaintiff's automobile on its tracks.

We are of the opinion that judgment n. o. v. for defendant was improperly entered by the court below, as the issues were factual and hence for the jury to decide. The testimony was oral in support of the respective contentions.

Judgment is reversed, and it is directed that judgment be entered on the verdict for the plaintiff.