**MARYLAND CASUALTY COMPANY,**
Appellant,

v.

Major **KADOR**, Appellee.

No. 15496.

United States Court of Appeals
Fifth Circuit.

Aug. 9, 1955.

Ben B. Taylor, Jr., C. V. Porter, L. W. Brooks, James R. Fuller, and Charles W. Phillips, Baton Rouge, La., for appellant.

John L. Avant, J. H. Percy, Jr., and Walker P. Macmurdo, Baton Rouge, La., for appellee.

Before HUTCHESON, Chief Judge, JONES, Circuit Judge, and WRIGHT, District Judge.

JONES, Circuit Judge.

In a suit brought by Major Kador, who will be here designated as plaintiff, against Maryland Casualty Company, here referred to as defendant, a verdict was returned and judgment entered for the plaintiff in the amount of $10,000. The action was brought under the Louisiana Direct Action Statute, La.Stat. Ann.—Rev.Stat. Title 22, § 655, against the defendant as insurer of D. C. Johnson, the owner and operator of an automobile involved in a highway collision with the truck owned and being driven by the plaintiff. At the conclusion of the testimony counsel for the plaintiff moved for a directed verdict on the question of liability. The record does not show any motion for a directed verdict made on defendant's behalf. Counsel for defendant says such a motion was made and counsel for plaintiff does not recall whether defendant made such a motion. Upon the rendition of the verdict, a motion for new trial was made and the following grounds assigned:

"(a) The said verdict of the jury is contrary to the law and the evidence.

"(b) The evidence is insufficient to support the said verdict in favor of the plaintiff.

"(c) The damages awarded plaintiff by the jury are grossly excessive."

In its brief, the defendant states its position to be that upon the evidence reasonable men could have come only to the conclusion that there was no negligence on the part of its insured, that plaintiff was guilty of contributory negligence, that his alleged knee injury was the result of a prior accident, and that plaintiff was unworthy of belief. By its brief, it urged that the judgment of the trial court was clearly erroneous and clearly against the weight of the evidence, and that this Court should reach the definite and firm conviction that a mistake has been committed.

During the evening of January 25, 1954, between 6:00 and 6:30 o'clock, the plaintiff was driving his 1951 pickup truck on a highway about 4½ miles north of Scotlandville, Louisiana. He stopped at a T-intersection to make a left-hand turn. While so stopped and waiting for traffic to clear, his truck was struck from the rear by the vehicle owned and operated by defendant's insured, D. C. Johnson. There was a conflict in the testimony as to whether the tail-light on plaintiff's truck was burning prior to a time just before the collision. Plaintiff testified that his lights were on from the time he left Scotlandville, while Johnson testified that the tail-light flashed on just before the impact. There was evidence from which the jury could have determined that plaintiff did not sustain any injury or any substantial injury by reason of the collision. There was other evidence tending to show that he received substantial permanent injuries as a result of the accident. The plaintiff admitted on cross-examination that he had been in jail "plenty times" under arrest for gambling, fighting, selling beer on Sunday, receiving stolen goods, breaking and entering, larceny, and carrying a concealed weapon. There was no proof showing convictions with respect to most of the admitted arrests. Commission of criminal offenses by the plaintiff might affect his credibility. Fire Ass'n of Philadelphia v. Weathered, 5 Cir., 1932, 62 F.2d 78. His competency as a witness and the admissibility of his testimony are not affected by any criminal activities.

Where, as here, the evidence is conflicting or permits of conflicting inferences and the case has been fully and fairly presented to a jury, the verdict will not be disturbed on appeal. South-

ern Shell Fish Co. v. Plaisance, 5 Cir., 1952, 196 F.2d 312; Good Holding Co. v. Boswell, 5 Cir., 1949, 173 F.2d 395, certiorari denied 338 U.S. 815, 70 S.Ct. 55, 94 L.Ed. 493; Illinois Central R. Co. v. Lee, 5 Cir., 1954, 212 F.2d 496. Acting within its province the jury fixed the amount of damages and nothing appears that requires a review of the jury's determination.

The transcript of the record was filed in the office of the Clerk of this Court on March 1, 1955. The brief of defendant-appellant was filed March 31, 1955, and the brief of the plaintiff was filed on April 15, 1955. On May 30, 1955, the defendant filed its First Supplemental Brief in which it says that in its "preoccupation with the injustice of the verdict" it failed to point out an error of the Court in permitting plaintiff to call for cross-examination D. C. Johnson, the defendant's insured. In its First Supplemental Brief and in its Second Supplemental Brief, the latter being filed on June 6, 1955, the day prior to the date on which the appeal was argued before this Court, the defendant contends that the insured is not an "adverse party" who may be called for cross-examination. Fed.Rules Civ.Proc. 43(b), 28 U.S.C.A. The specification of this as error is made at a considerably later day than the Rules of this Court require. U.S.C.A., 5th Cir., Rules, rule 24. There is also a question as to whether the point was made and saved at the trial. The following occurred:

"Mr. Avant [Counsel for plaintiff]: We call Mr. D. C. Johnson under cross-examination.

"Mr. Taylor [Counsel for defendant, Maryland Casualty Company]: We don't believe that plaintiff's counsel has that right.

"Mr. Avant: Most assuredly.

"The Court: All right, Proceed.

"Mr. Taylor: Your Honor has ruled?

"The Court: Take the stand. Yes".

We are asked to ignore this question under our Rule that "the court, at its option, may notice a plain error not specified." Rule 24, supra. In support of this we are asked to follow Dowell, Inc., v. Jowers, 5 Cir., 1948, 166 F.2d 214, 2 A.L.R.2d 442, where the Rule was applied.

During the trial and before any testimony was introduced, the witnesses were placed under the Rule and the defendant's attorney stated that "although Mr. Johnson is not a named party defendant, we would like to keep him in the court room with us". Before any evidence was submitted, the attorney for the defendant made an opening statement in which he outlined what the testimony of Mr. Johnson would be, and his testimony, upon being called for cross-examination by plaintiff, was in substance as outlined in the opening statement of defendant's counsel. In view of this we are not persuaded that a miscarriage of justice has occurred by defendant's argument that proof of defendant's liability depended upon the testimony of Johnson and cross-examination of him was prejudicial. To encourage adherence to our Rules, of which counsel for defendant has notice, we might decline to consider this point. However, the question raised is one that has not apparently been considered by this Court and for this reason we conclude that in the exercise of our discretion we should take note of it although not made the subject of a timely specification of error and although it is doubtful that the question was properly presented or reserved at the trial.

The defendant urges that in Lumbermen's Mutual Casualty Co. v. Elbert, 348 U.S. 48, 75 S.Ct. 151, 99 L.Ed. 83, the Supreme Court of the United States has determined that the Louisiana Direct Action Statute, supra, in creating a separate and distinct cause of action against the insurer assigns to the insurer the role of "real party in interest" and the defendant here asserts that as the real party in interest it and it alone is the

"adverse party" within the Rule relating to cross-examination.

In the instant case, D. C. Johnson, the alleged tort-feasor, is the person whose wrongdoing is the gravamen of the action. Against him there was a cause of action at one time. The defendant proceeds upon the theory that *real party in interest* and *adverse party* are but different terms with a single meaning. The Louisiana Statute, supra, provides that "The injured person * * * shall have a right of direct action against the insurer * * *, and said action may be brought against the insurer alone or against both the insured and the insurer * * *." Under the statute Johnson might have been a co-defendant with his insurer. But for the statute Johnson would have been a necessary party defendant. We do not think it was the intent of the Rule to provide that its application should be dependent upon the manner of the exercise by the injured person of his option to sue insured, insurer, or both. We think that the insured, the alleged tort-feasor, occupied an adverse position toward the injured party plaintiff and as such was an "adverse party" within the meaning of Rule 43(b). This conclusion is reached notwithstanding the suggestion in the Elbert case, supra, that the bringing of an action against the insurer alone would bar a suit against the insured tort-feasor.

The right of the plaintiff to call the defendant's insured for cross-examination as an unwilling or hostile witness under the Rule is equally clear. As noted, the insured was retained in the court room at the request of the defendant insurer, his testimony was outlined as a part, and a very substantial part, of the defense. The Court would have been justified in presuming that Johnson, the insured, would be an unwilling and hostile witness of the plaintiff. Permitting him to be cross-examined was, if not a matter of right, within the Court's discretion of which no abuse is made to ap-

pear. See United States v. Uarte, 9 Cir., 1949, 175 F.2d 110.

It not being shown that the judgment from which appeal was taken is affected with error, the judgment is

Affirmed.