Monica and Mark ZUNICH, minors, by their parents and guardians, Frank V. Zunich and Anna Zunich, and Frank V. Zunich and Anna Zunich, in their own right, and Anna Zunich and Frank V. Zunich, her husband, Plaintiffs,

v.

The BALTIMORE AND OHIO RAILROAD COMPANY, a corporation, Defendant and Third-Party Plaintiff,

v.

Anna ZUNICH, Third-Party Defendant.

Civ. A. No. 67–69.

United States District Court
W. D. Pennsylvania.

Jan. 7, 1970.

G. W. Wilde, Pittsburgh, Pa., for plaintiffs.

Gary Sharlock, of Mercer & Buckley, Pittsburgh, Pa., for defendant and third-party plaintiff.

John A. DeMay, Pittsburgh, Pa., for third-party defendant.

## OPINION AND ORDER

MARSH, Chief Judge.

The automobile driven by the wife plaintiff, Anna Zunich, was struck by Baltimore and Ohio diesel units at a grade crossing shortly after noon on January 10, 1966; Anna and her two children were injured. Following the pretrial conference, the defendant railroad moved for summary judgment in connection with Anna's claim for damages on the ground that she was guilty of contributory negligence as a matter of law.[1] Upon consideration of the pleadings, affidavit, pretrial stipulations, answers to interrogatories, the deposition of Anna, and the admissible exhibits, it is the opinion of this court

---

1. See defendant's brief.

that a genuine issue of fact exists on the question of Anna's contributory negligence, and the motion should be denied.

Anna's version of the events at the time of the accident is as follows: She was familiar with the grade crossing. Prior to the accident she was proceeding in an easterly[2] direction on Spencer Street which crosses two main railroad tracks and a side track at right angles. She stopped two or three feet from the southbound main track which is the most westerly track. The signal lights at the crossing were not flashing; no train was in sight; no whistle was blown. She saw one vehicle stopped ahead of her on the easterly side of the crossing. Nevertheless she proceeded to cross. She said: " * * * I stopped in the middle of the tracks. I thought he was going to move—." But for some reason the standing car did not move forward, and Anna stopped approximately one foot behind it. There she sat in her automobile for a period she estimates between one-half minute and one minute. The windows of her car were closed, the radio was playing, and her 2½-year-old child was crying. She then saw the defendant's train approaching and attempted to back off the tracks, but the engine struck the front of her car causing the injuries complained of.

The defendant argues that Anna intentionally proceeded onto the tracks knowing that she would have to stop thereon behind the stopped vehicle before she started to cross. It concludes that this action is contributory negligence on the part of Anna as a matter of law. The plaintiffs argue that Anna was surprised and "astounded" at the necessity of having to stop on the tracks; that when she started to cross the tracks she believed that the observed stopped vehicle would move forward for there was no apparent reason why it should not. Why she did not pass to the left of the stopped vehicle obstructing her path is not explained. Apparently there was sufficient room to pass.

In the court's opinion reasonable men could arrive at different conclusions with regard to whether Anna conformed to the standard of a reasonable driver in like circumstances for her own protection. Conceivably a jury might find that when she first began to proceed across the crossing she had no intention whatsoever of stopping on the tracks but reasonably expected that the stopped car ahead would start to go forward and she would follow it off the tracks. Also the jury might find that the failure of the stopped vehicle to move forward was an unexpected and unforeseen circumstance analogous to the following cases in which the Pennsylvania courts held that the question of plaintiff's contributory negligence was for the jury to determine. Leghart v. Montour Railroad Company, 395 Pa. 469, 150 A.2d 836 (1959); Broad v. Pennsylvania R. Co., 357 Pa. 478, 55 A.2d 359 (1947); Naugle v. Reading Co., 145 Pa.Super. 341, 21 A.2d 109 (1941); Marfilues v. Philadelphia & R. Ry. Company, 227 Pa. 281, 75 A. 1072 (1910). Whether Anna's testimony convicts her of contributory negligence is a jury question.

An appropriate order will be entered.

2. The complaint avers that Anna was being driven westwardly on old Route 8 across defendant's railroad tracks.